**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00199-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOSE GERARDO VILLEGAS-TARIN

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through J. Chris Larson, Assistant United States Attorney for the District of Colorado, and the Defendant, Jose Gerardo Villegas-Tarin, personally and by counsel, Joseph H. Thibodeau, Esq., hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I.    PLEA AGREEMENT

The defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count 1 of an Information brought by the United States Attorney, charging him with aiding and assisting in the preparation of a materially false tax return in violation of Title 26, United States Code, Section 7206(2).

1

COURT EXHIBIT
1

The parties agree that the defendant should be ordered to pay restitution to the Internal Revenue Service (IRS) in the amount of $185,128. (See fn2, p.8)

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period.

The defendant acknowledges that, pursuant to 26 U.S.C. §§ 7402 and 7407, the United States will commence a civil action against him seeking to enjoin him from tax return preparation. He agrees not to contest such action.

The Office for the United States Attorney for the District of Colorado (the government) agrees to not file any additional charges against the defendant based on the information presently known to the government. Provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the government agrees to recommend a three-level reduction for acceptance of responsibility.

The government will determine its position with respect to any argument that the defendant advances in support of a sentence at variance with a sentence within the

2

applicable sentencing guideline range, and will take a position with respect to such arguments at the time of sentencing.

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

3

## II.    ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense of Title 26, United States Code,

Section 7206(2) are as follows:

1.  The defendant aided or assisted in the preparation or presentation of an
    income tax return;

2.  The income tax return contained a false statement;

3.  The defendant knew the statement in the income tax return was false;

4.  The defendant acted willfully, that is, with the voluntary intent to violate a
    known legal duty;

5.  The false statement was material (e.g., it concerned a matter necessary to
    the correct computation of taxes owed and the statement was capable of
    influencing the decision of the Internal Revenue Service).[1]

## STATUTORY PENALTIES

The maximum statutory penalty for a conviction of Title 26, United States

Code, Section 7206(2) is not more than three years imprisonment; a fine of not more

than $250,000; not more than one year supervised release; and a $100 Special

Assessment. If probation or supervised release is imposed, a violation of any condition

of probation or supervised release may result in a separate prison sentence and

additional supervision.

---

[1] 10th Circuit Pattern Jury Instructions, 2.94 at p. 317 (2011)

4

## III.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the

rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is

an alien, the conviction may cause the defendant to be deported or confined indefinitely

if there is no country to which the defendant may be deported, to be denied admission

to the United States in the future, and to be denied citizenship.

## IV.    STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the

defendant will tender pursuant to this plea agreement. That basis is set forth below.

Because the Court must, as part of its sentencing methodology, compute the advisory

guideline range for the offense of conviction, consider relevant conduct, and consider

the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below

which are pertinent to those considerations and computations. To the extent the parties

disagree about the facts set forth below, the stipulation of facts identifies which facts are

known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting

the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18

U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate to the following facts, and agree that the following facts are

Relevant Conduct pursuant to USSG §1B1.3:

5

At all times relevant to the conduct in this matter, the defendant Jose Gerardo
Villegas-Tarin (VILLEGAS-TARIN) was employed by the Maningo Group International,
LLC dba Mile Hi Insurance located in Denver, Colorado, where he sold insurance and
prepared tax returns. Prior to his employment with the Maningo group, he worked as a
tax preparer at H&R Block from 2000 to 2005. Previously, while in Mexico, he took
classes in accounting.

Beginning on or about January 1, 2010 until on or about May 28, 2012,
VILLEGAS-TARIN prepared tax returns for individuals who maintained businesses
(Business Clients), as well as for individuals who had little to no income (Individual
Clients). To reduce the income tax liability of Business Clients and increase tax refunds
of Individual Clients, VILLEGAS-TARIN generated false miscellaneous income
documents on Forms 1099-MISC (1099s). The false 1099s indicated that Business
Clients had paid "nonemployee compensation" to individuals that the Business Clients
had not in fact paid, thereby increasing the business expenses of the Business Clients,
and reducing their tax liability.

The false 1099s also indicated that Individual Clients were paid "nonemployee
compensation" that the Individual Clients had not in fact received, thereby enabling
them to qualify for, or otherwise increase, various tax credits to which they were not
entitled. In many cases, Individual Clients were able to obtain a refund check from the
Internal Revenue Service for several thousands of dollars, when no refund was due at
all.

As an example, for Business Client P.H., VILLEGAS-TARIN prepared at least

6

seven false 1099s for tax year 2010, each one indicating that the drywall business of P.H. had paid non-employee compensation to an Individual Client of VILLEGAS-TARIN. VILLEGAS-TARIN then falsely claimed a business deduction of $178,910 for Contract Labor on Schedule C (line 11) of P.H.'s Individual 1040 Tax Form for tax year 2010, when as VILLEGAS-TARIN then knew, P.H. was entitled to a business deduction in an amount substantially less than $178,910. VILLEGAS-TARIN thereby knowingly included a false statement on the individual tax return of P.H. that concerned a matter necessary to the correct computation of taxes owed.

For that same tax year (2010), Individual Clients, M.G.M., A.O.C., M.E.V., and C.S., had not done any work for the drywall business of P.H.; nor had they received any compensation from it. Nevertheless, VILLEGAS-TARIN created false 1099s indicating that each of these Individual Clients had received income from the drywall business of P.H. VILLEGAS-TARIN prepared the individual income tax returns for these Individual Clients, and claimed entitlement to making work pay credits (line 63, Form 1040), earned income credits (line 64a, Form 1040), and additional child tax credits (line 65, Form 1040). VILLEGAS-TARIN thereby knowingly included false statements on the tax returns of M.G.M., A.O.C., M.E.V. and C.S. that concerned matters necessary to the correct computation of taxes owed.

VILLEGAS-TARIN also created false 1099 MISC forms for A.A. for tax years 2010 and 2011, as well as for M.L.Mi. for tax year 2011. The false 1099s indicated that VILLEGAS-TARIN paid M.L.Mi. and A.A. non-employee compensation that VILLEGAS-TARIN had not actually paid. Additionally, for tax year 2010, VILLEGAS-TARIN falsely

7

claimed that A.A. was entitled to a making work pay credit (line 63, Form 1040), an earned income credit (Line 64a, Form 1040) and an additional child tax credit (line 65, Form 1040). For tax year 2011, VILLEGAS-TARIN falsely claimed that A.A. and M.L.Mi were entitled to an earned income credit (Line 64a, Form 1040) and an additional child tax credit (line 65, Form 1040), thereby knowingly including false statements on the tax returns of A.A. and M.L.Mi. that concerned matters necessary to the correct computation of taxes owed.

VILLEGAS-TARIN knowingly, willfully and wrongfully prepared approximately 50 false 1099 MISC forms for Business and Individual clients in tax years 2009, 2010 and 2011. These forms were then used by VILLEGAS-TARIN in the preparation and presentation of U.S. Individual Income Tax Returns, Forms 1040, which contained one or more false entries concerning business expense deductions and/or tax credits. The parties agree that VILLEGAS-TARIN caused an actual tax loss of $185,128, and that he should be ordered to pay restitution to the Internal Revenue Service in the amount of $185,128.[2]

---

[2] The parties agree that the amount of loss and the amount of restitution ($185,128) is based on specific tax returns identified below. For purposes of an order of restitution, at the time of sentencing, the government will confirm whether any outstanding amount associated with these returns has been recovered by the IRS and, if so, such amount(s) will reduce the amount of restitution sought:

| Taxpayer | Tax Years |
|---|---|
| JOSE GERARDO VILLEGAS-TARIN & G.L.R. | 2010 and 2011 |
| G. & J.F.G. | 2010 and 2011 |
| P.H. | 2010 and 2011 |
| J.A. & T.G. | 2010 |
| O.E.O. | 2010 and 2011 |
| J.A. | 2010 |
| M.G.M. | 2010 and 2011 |

8

## V.    SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is

governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed,

the Court is required to consider seven factors. One of those factors is the sentencing

range computed by the Court under advisory guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States

Sentencing Guidelines. To the extent that the parties disagree about the guideline

computations, the recitation below identifies the matters which are in dispute.

A.    The base guideline is §2T1.4, which derives the base offense level from

the Tax Table, 2T4.1. Pursuant to the Tax Table §2T4.1(F), the base

offense level is 16 (tax loss of more than $100,000 but less than

$250,000).

B.    There is a two-level increase pursuant to §2T1.4(b)(1)(B) because the

defendant was in the business of preparing or assisting in the preparation

of tax returns.

C.    The adjusted offense level is therefore 18.

| | |
|---|---|
| A.O.C. | 2010 and 2011 |
| M.E.V | 2010 |
| C.S. | 2010 and 2011 |
| M.L.Mi. | 2010 and 2011 |
| M.Mo. | 2010 |
| A.A. | 2010  and 2011 |
| T.J.S. | 2010 |
| A.L.Go. | 2011 |
| G.G. | 2011 |

9

D.     Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility. The resulting total offense level would be 15.

E.     The parties understand that the defendant's criminal history computation is tentative. The criminal history category is ultimately determined by the Court. The information known to the parties shows that the defendant has no prior criminal history. The defendant's criminal history category is therefore tentatively estimated to be Category I.

F.     Assuming that the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

G.     The guideline range resulting from the estimated total offense level of 15, and the tentative Criminal History Category I, is 18-24 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI).

I.     Pursuant to guideline §5E1.2, assuming the estimated offense level above, the fine range for this offense would be $7,500 to $ 75,000, plus applicable interest and penalties.

10

J.     Pursuant to guideline §5D1.2, if the Court imposes a term of supervised
       release, that term is not more than 1 year.

The parties understand that, although the Court will consider the parties'
estimate, the Court must make its own determination of the guideline range. In doing so,
the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party
from asking the Court, within the overall context of the guidelines, to depart from that
range at sentencing if that party believes that a departure is specifically authorized by
the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or
to a degree, not adequately taken into consideration by the United States Sentencing
Commission in formulating the advisory guidelines. Similarly, no estimate by the parties
regarding the guideline range precludes either party from asking the Court to vary
entirely from the advisory guidelines and to impose a non-guideline sentence based on
other18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper
application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it
deems appropriate in the exercise of its discretion and that such sentence may be less
than that called for by the advisory guideline (in length or form), within the advisory
guideline range, or above the advisory guideline range up to and including
imprisonment for the statutory maximum term, regardless of any computation or position
of any party on any 18 U.S.C. § 3553 factor.

11

## VI.    ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:    06/06/16

Jose Gerardo Villegas-Tarin
Defendant

Date:    6/6/16

Joseph H. Thibodeau
Attorney for Defendant

Date:    7/15/16

J. Chris Larson
Assistant U.S. Attorney

12