**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00199-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOSE GERARDO VILLEGAS-TARIN,

    Defendant.

---

## DEFENDANT'S RESPONSE (F.R.Crim.P. 32(f), "OBJECTIONS") TO THE PRESENTENCE REPORT ("PSR") [Doc. #17]

Pursuant to F.R.Crim.P. 32(f), defendant, Jose Gerardo Villegas-Tarin, by and through his undersigned counsel, respectfully submits the following response to the Presentence Report ("PSR") herein [Doc. #17].

Defendant has no "objections", *per* se, to the report. There is nothing of substance or materiality in it to which he takes exception or has objection.

In the interest of clarification and the provision of more complete information, however, he offers the following observations:

    1.    With respect to ¶ 11, as a result of the false deductions claimed by PH on his individual federal income tax returns for the "relevant conduct" period, PH, alone, realized total federal income tax benefits of approximately $100,000 (of the total $185,128 in "tax loss" herein involved).

2. With respect to ¶¶ 11-14, on average, for the "relevant conduct" period, each of the false 1099 recipients realized a federal individual tax benefit of approximately $3,000 - $4,000 per return (in the aggregate, totaling the approximate $85,128 of remaining "tax loss").

3. With respect to ¶ 20, although, as stated, Mr. Villegas was "encouraged" to "find a way" to reduce clients' tax liabilities, his continued employment was not contingent upon his doing so.

4. The summary of Mr. Villegas' alcohol history referenced in ¶ 49 is in error; that is, he does not drink/has not drunk, to excess (… except as a late teen, on a handful of occasions). For all of his adult life, he has used alcohol only very rarely (at an occasional social event), and, then, 1 or 2 beers, only.

5. There are no liabilities reflected in the financial summary set forth in ¶60. In that connection, please note that Mrs. Villegas has an outstanding credit card balance of approximately $7,000.

6. The adjusted gross income ("AGI") numbers recited in ¶ 62 are "joint" (both Mr. and Mrs. Villegas) values, and not "His", only. His AGI numbers, alone, are much, much lower.

7. While Mr. Villegas does, in fact, have retained counsel in this matter (¶ 63), it is not accurate to suggest that "… family members" are providing for his representation. Rather, legal services over the past four (4) years have been provided to him on a largely (80%) *pro bono* basis. He is simply not financially able to afford retained counsel.

Respectfully submitted this 3rd day of October, 2016

                **JOSEPH H. THIBODEAU, P.C.**

By:   s/Joseph H. Thibodeau
       Joseph H. Thibodeau
       155 South Madison Street, #209
       Denver, CO 80209
       (303)320-1250
       (303)320-1577 (Facsimile)
       law1@taxlit.com

## CERTIFICATE OF SERVICE

    I certify that on this 3rd day October, 2016, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO THE PRESENTENCE REPORT ("PSR") [Doc. #17]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

    J. Chris Larson, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    1225 17th Street, Suite 700
    Denver, Colorado  80202
    J.Chris.Larson@usdoj.gov

                                                               s/ Joseph H Thibodeau