IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00199-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSE GERARDO VILLEGAS-TARIN,

       Defendant.

_____

**RESPONSE TO DEFENDANT'S MOTION FOR A VARIANT SENTENCE [#20]**
_____

The UNITED STATES OF AMERICA, by and through J. Chris Larson, Assistant United States Attorney, responds to the Defendant's motion for a variant sentence seeking probation with conditions. Such a sentence fails to serve the purposes outlined in 18 U.S.C. § 3553(a). The government recommends a sentence of 18 months' imprisonment, which is at the bottom of the guideline range for this offense.

1. **Nature and Circumstances of the Offense**

The nature and circumstances of this offense support a significant sentence of imprisonment. See 18 U.S.C. § 3553(a)(1). As described in the relevant conduct of the Plea Agreement, the Defendant engaged in a tax fraud over a period of years for which he was directly responsible. By his own admission, on approximately 50 occasions, he "knowingly, willfully and wrongfully" completed false 1099 MISC forms for Business and Individual clients. [Doc #15 at 8]. This was not the product of mistake or inadvertence. This was repeated conduct over the course of three years. *Id.* In sum, he admits his conduct resulted in $185,128 of loss.

The Defendant focuses much of his argument for a variant sentence on the evidence of his own profit – specifically the $12,711 tax benefit he personally derived from the fraud on his own tax returns.  He characterizes this as not "a very attractive 'business' proposition."  [Doc #21 at 4].  This is an important point.  This was the Defendant's business.  He was in the business of preparing or assisting in the preparation of tax returns at the Mile High Group.  [Doc #15 at 8-9] (citing tax years 2009, 2010 and 2011).  Satisfied clients would refer their friends, associates, or family members to him, thus increasing business.  [Doc #22, at 6, ¶ 20.]  Accordingly, the sentence need both punish the Defendant and deter others who might consider engaging in the business of preparing false tax returns.

**2. The History and Characteristics of the Defendant**

The Defendant notes various aspects of his history and personal characteristics, but does not explain why these characteristics support the variant sentence he seeks. [Doc #21 at 8 -11].   Among other things, the Defendant states he has spent a substantial period of time working at the Mile High Group and maintains an apparently important role in that business.  This provides no justification for a more lenient sentence.  To the contrary, this suggests an individual who was in a position to know better and take different actions.

Moreover, it appears Mr. Villegas seeks a sentence of probation so that he can continue to work at the Mile High Group.  He notes his role in the firm as being crucial. [Doc #21 at 11].   This argument sounds misplaced, however, and potentially in conflict with an important provision of the plea agreement.  Notably, Mr. Villegas has agreed not to contest a civil action to enjoin him from tax return preparation.  [Doc #15 at 2].   Thus,

to the extent his job is presently tax return preparation, that needs to be modified no matter the sentence of the Court.

### 3. Just Punishment and Deterrence Support a Guideline Sentence

Defendant Villegas argues that the financial impact of his agreement to pay restitution will satisfy the dual goals of just punishment and deterrence. [Doc #21 at 4].[1] However, a term of probation will send the wrong message to others in the business of tax preparation. Incarceration here is appropriate. The sentencing guidelines, after factoring in acceptance of responsibility and other issues, establish a range for this offense of 18 – 24 months of incarceration. See 18 US.C § 3553(a)(4). Severity of punishment has an important role in the general deterrent effect on potential white collar criminals. *See, e.g., United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.") *citing United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006); *e.g., United States v. Livesay*, 587 F.3d 1274, 1279 (11th Cir. 2009) ("the legislative history of § 3553 reveals that Congress 'viewed deterrence as particularly important in the area of white collar crime.'"). Significant prison sentences put potential white-collar offenders on notice that they risk severe penalties as a consequence of their actions. "One of the central reasons for creating the sentencing guidelines was to .

---

[1] The Defendant also cites to several cases that resulted in a term of probation. *Id* at 11-13. However, each case is different. We are not privy to all the considerations that went into those individual sentencing decisions. Generally, the sentencing guidelines provide a better place to start the analysis, as they already take into consideration a much wider range of data. USSG, Ch. 1, Pt. A, § 3 (noting the analysis of data drawn from 10,000 presentence investigations, among other things).

. . eliminate disparities between white-collar sentences and sentences for other crimes." *United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008).

Accordingly, the need to reflect the seriousness of the offense, and provide adequate punishment and deterrence supports a sentence of 18 months for an individual involved of the business of tax preparation, who knowingly, willfully and wrongfully prepared approximately 50 false 1099 MISC forms and is responsible for a tax loss of $185,128.

## CONCLUSION

The government recommends a sentence of 18 months; such a sentence is sufficient, but not greater than necessary, to achieve the goals and purposes of sentencing.

Dated this 13th day of October, 2016.

    Respectfully submitted,

    ROBERT C. TROYER
    Acting United States Attorney

    By: *J. Chris Larson*
    J. CHRIS LARSON
    Assistant U.S. Attorney
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    (303) 454-0100
    (303) 454-0409 (fax)
    J.Chris.Larson@usdoj.gov
    Attorney for Government

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                       By:    <u>*s/J.Chris Larson*</u>
                                J. Chris Larson
                                U.S. Attorney's Office
                                1225 17th St., Suite 700
                                Denver, Colorado 80202
                                Telephone: (303) 454-0100
                                Facsimile: (303) 454-0401
                                E-mail: J.Chris.Larson@usdoj.gov