IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

16-cr-00199-CMA-1

UNITED STATES OF AMERICA,

> Plaintiff,

v.

1.  JOSE GERADO VILLEGAS-TARIN,

> Defendant.

## MOTION FOR EARLY TERMINATION OF PROBATION

The defendant, Jose Gerado Villegas-Tarin, by and through his undersigned counsel, respectfully requests that, pursuant to Rule 32.1(c) of the FEDERAL RULES OF CRIMINAL PROCEDURE, and 18 U.S.C. §§ 3564(c) and 3553(a), this Honorable Court grant an early termination of his probationary (three (3) year) sentence.

In support of his motion, Mr. Villegas submits that:

1. On July 15, 2016, before this Court, Mr. Villegas entered a guilty plea to a one (1) count Information, charging him with a May, 2012, violation of 26 U.S.C. § 7206(2);

2. On October 20, 2016, the Court imposed a variant sentence of a three (3) year period of probation. It also ordered him to pay $185,128 in restitution;

3.      Mr. Villegas seeks an early termination of his probationary sentence so as to be able to request of the Attorney General of the United States, pursuant to 8 U.S.C. § 1229c, permission to voluntarily depart the United States (and return to Mexico), in lieu of necessitating the initiation of "removal proceedings" (8 U.S.C. § 1229a);

4.      Since October 20, 2016, Mr. Villegas has been under the continuous supervision of the U.S. Probation Service of this Court;

5.      Since December 15, 2017, he has been detained without bond (8.U.S.C. § 1226(c)(1)(A)) by the Attorney General, through the Agency of the Department of Homeland Security ("Immigration and Customs Enforcement"; "ICE"), at its "GEO" facility, located at 3130 Oakland Street, Aurora, Colorado;

6.      "The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense … in lieu of being subject to [removal] proceedings …" (8 U.S.C. § 1229c);

7.      Mr. Villegas is fully compliant with all of the terms and conditions of the Court's judgment of Conviction and Sentence, as well as with all standard and special conditions of probation and supervision;

8.      He has timely submitted to the probation officer all requested documents, reports and financial information;

9.      He has frequently, when and as directed by the probation officer, met with her in her office;

10.     He and his family have received the probation officer at their home on all appointed (and unscheduled) occasions of her visits;

11.    He has successfully fulfilled more than one (1) year (15 months), of the probationary sentence imposed;

12.    He has been a model probationer;

13.    Pursuant to 18 U.S.C. § 3564(c), the Court has expansive (virtually limitless) authority to grant the requested relief; to wit:

> The court … [may] terminate a term of probation previously ordered … *if it is satisfied* that such action is warranted by the conduct of the defendant in the interest of justice. [emphasis supplied]

14.    Mr. Villegas has paid $12,711 -- the extent (of the restitution) to which he personally benefited;

15.    In addition, from the time of sentencing until his arrest on December 15, 2017, he has made additional monthly restitution payments totaling $4,574;

16.    Accordingly, as of December 5, 2017, he has paid a total of $17,285 in restitution;

17.    In clear contravention of this Court's Order, and notwithstanding undersigned counsel's efforts to correct its doing so, the government (IRS) continues to accrue interest on the total restitution ($185,128) balance.  (Thus, the erroneous total on the IRS' books today is $224,816.04);

18.    Respectfully, it is believed that Mr. Villegas' voluntary departure (in lieu of "removal proceedings") would be in the best interest of the United States;

19.    It will expedite his removal and spare the government the expense and administrative burden of a removal proceeding;

20.    It might also be in Mr. Villegas' best interest (and that of his family -- wife, Gloria, and daughters, Wendy (age 14) and Leslie (age 12)), in that, if granted a voluntary departure, Mr. Villegas could, pursuant to 8.U.S.C. § 1151(b)(2)(A)(i) and 8.U.S.C. § 1154(a)(1)(A)(i), later (once Wendy, a U.S. citizen, reaches the age of 21 and can sponsor him) apply for re-entry;

21.    Otherwise, he faces a twenty (20) year bar to re-entry consideration (*See* 8 U.S.C. § 1182(a)(9)(A)(ii));

22.    Pursuant to 18 U.S.C. § 3564, the § 3553 sentencing "factors" are pertinent to the Court's consideration of an "early termination" of sentence.

23.    Many of these factors have previously been identified:

a.  Mr. Villegas is 45 years old;

b.  He began working at the age of 6 (in his Uncle's grocery store in Parral, Mexico);

c.  He gave one year of military service to Mexico;

d.  His wife, Gloria, is also 45;

e.  Both emigrated from Mexico to the United States in the late 1990s;

f.  They were married in this Country on April 1, 2001;

g.  Theirs is a very good, solid, and mutually supportive, marriage;

h.  They have two (2) daughters, Wendy (age 14) and Leslie (age 12), both of whom are United States citizens;

i.  Leslie has an as yet undiagnosed health (hearing) issue, requiring specialized medical following;

j.  Although, both, Jose and Gloria entered the United States legally on visas, each of their respective visas expired many years ago;

k.  For the past 10 years, Gloria has worked as a cashier in a beverage store, earning about $20,000 per year;

l.  For that same period, Jose was employed by the Maningo Group, a/k/a The Mile High Group, Inc., earning about $40,000 per year;

m.  Other than the instant matter, he has no criminal history;

n.  Mr. Villegas has fully cooperated with the government from inception. He voluntarily provided *all* documents to the agents on their initial contact of him.  He voluntarily offered all of his files and fully explained to them what he had done;

o.  He fully cooperated, even to the point of entering into a plea agreement with the government and entering a plea of guilty;

p.  Moreover, he has agreed to the payment of the entire $185,128 in restitution; and,

q.  Further, as noted, he has been a model probationer.

24.    Respectfully, it is submitted that Mr. Villegas has demonstrated that favorable consideration should be given to his request; and that, in the context of his request for a "voluntary departure", the Court should be "satisfied that such action is warranted";

25.    In attempting to ascertain the government's position with respect to this motion, undersigned counsel's office contacted AUSA J. Chris Larson, counsel of record, and Ms. Lori Cross, Mr. Villegas' probation officer;

5

26.    Neither Mr. Larson, nor Ms. Cross would take a position on the matter;

and,

27.    Mr. Larson further advised that he is no longer counsel on the matter; but,

could not identify who is.

WHEREFORE, it is respectfully requested that, pursuant to 18.U.S.C. §§ 3564(c)

and 3553(a), and FED.R.CRIM.P. 32.1(c), "in the interest of justice", the Court enter an

Order terminating, forthwith, Mr. Villegas-Tarin's probationary sentence.

Respectfully submitted this 24th day of January, 2018

**JOSEPH H. THIBODEAU, P.C.**

By:    s/Joseph H. Thibodeau
       Joseph H. Thibodeau
       155 South Madison Street, #209
       Denver, CO 80209
       (303)320-1250
       (303)320-1577 (Facsimile)
       law1@taxlit.com

## CERTIFICATE OF SERVICE

I certify that on this 24th day January, 2018, I electronically filed the foregoing **MOTION FOR EARLY TERMINATION OF PROBATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

J. Chris Larson, Esq.
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado  80202
J.Chris.Larson@usdoj.gov


                                              s/ Joseph H Thibodeau